U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED    LAFAYETTE

FEB 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF McGEE'S LANDING, INC., AS OWNER OF 18' AIRBOAT (HIN AMA003597607) | * * * | CIVIL ACTION<br><br>NO. 6:14-cv-0160 SECT. |
| | * | JUDGE Doherty |
| | * | MAGISTRATE Hanna |
| | * | |

\* \* \* \* \* \* \* \*

### ORDER APPROVING COMPLAINANT'S LETTER OF UNDERTAKING DIRECTING ISSUANCE OF NOTICE, ENJOINING SUITS AND DIRECTING THE FILING OF CLAIMS

A Complaint having been filed herein by McGEE'S LANDING, INC., as owner of the unnamed 18' airboat with hull identification number ("HIN") AMA003597607, her engines, gear, tackle, appurtenances, etc. (hereafter the "Vessel"), for exoneration from or limitation of liability, pursuant to *46 U.S.C. A. §30501, et. seq.*, and the various statutes supplementary thereto and amendatory thereof, and also denying any liability to any person or entity for any claims for damages or losses resulting from the operations of the Vessel all as is more fully described in the complaint; and The Complainant having stated that the value of the Complainant's interests in the Vessel at the end of the voyage did not exceed $15,000.00; and A Letter of Undertaking provided by McGee's Landing, Inc.'s insurer, Markel American Insurance Company, was filed on behalf of Complainant with this Court as security, in an amount not less than equal to the value of their interest in the Vessel, pending freight and passage money, if any, in the sum of

$20,000.00 with interest at 6% per year from that date, executed by Markel American Insurance Company;

Now on the Motion of Complainant,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the above described Letter of Undertaking by Markel American Insurance Company, on behalf of the Complainant filed with the Court, in the sum of $20,000.00, with interest and costs as aforesaid, as security for the value of the Complainant's interests in the as owner of the unnamed 18' airboat with hull identification number ("HIN") AMA003597607, her engines, gear, tackle, appurtenances, *etc.* (hereafter the "Vessel"), her pending freight and passage money, if any, be and the same is hereby approved;

2. That the Court, upon motion, shall cause appraisement of said value and may thereupon order the said security increased or reduced as it finds the amount thereof insufficient or excessive; and upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of *46 U.S.C. A. §30501, et. seq.* ;

3. That a notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the complaint seeks exoneration or limitation admonishing them to file their respective claims with the Clerk of Court in writing and to serve on John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, LLC, the attorneys for the Complainant a copy thereof on or before the 10th day of March, 2014, at 5 o'clock P .M or be defaulted, and if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he or she shall file and serve on attorney for Complainant, an answer to the complaint, on or before the aforementioned date, unless his claim has included an answer to the complaint, so designated, or be defaulted;

4. That the aforesaid notice shall be published by Complainant in The Daily Advertiser, a newspaper circulated in Lafayette, Louisiana, once each week for four (4) consecutive weeks prior to the 10th day of March, 2014, and Complainant shall also mail a copy of the notice to every person known to have made any claim against McGee's Landing, Inc., the Vessel, or their underwriters, insurers, agents, representatives or any person whatsoever in respect of any claim or claims arising out of the aforesaid voyage any other party, arising out of the voyage on which the claim sought to be limited arose;

5. That the commencement or further prosecution of any action or proceeding against the Complainant, its underwriters or any of its property with respect to any claims for which Complainant seeks exoneration or limitation, including any claim arising out of or connected with any loss, damage, injury, or destruction resulting from the August 3, 2013 incident described in the complaint, be and the same is hereby stayed and restrained until the hearing and determination of this proceeding; and

6. That service of this Order as a restraining order may be made within this District in the usual manner and in any other District by the United States Marshall for such District by delivering a certified copy of this Order to the person or persons to be restrained, or to their respective attorneys.

Signed in _Lafayette_, Louisiana, this _5_ day of February, 2014.

_____
U.S. DISTRICT JUDGE

Page 4 of 4