RECEIVED
AUG 25 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE: MCGEES LANDING INC.	CIVIL ACTION NO. 14-160

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending before the Court is a motion for partial summary judgment [Doc. 24], filed by claimants/third-party plaintiffs, Russell and Lorraine Denman (collectively, "plaintiffs"), against petitioner/third-party defendants, McGee's Landing, Inc. ("McGee's), David Allemand and Perry Allemand (collectively, "defendants"). By their motion, plaintiffs seek a ruling from this Court finding: (1) McGee's is liable to plaintiffs for the injuries plaintiffs incurred as a result of an allision; and (2) McGee's is not entitled to limitation of its liability. The motion is unopposed.[1] For the following reasons, the motion is GRANTED.

Plaintiffs have set forth the following factual background in their memorandum in support of summary judgment:

---

[1] Upon the filing of plaintiffs' motion for partial summary judgment, a notice of motion setting issued, granting defendants until July 16, 2015 to file any opposition to the motion. [Doc. 25] On July 27, 2015, this Court contacted counsel for defendants to inquire whether they intended to file an opposition to the motion; counsel advised he would file a motion for extension of the opposition deadline at his earliest opportunity. The following day, a motion for extension was filed, wherein defendants moved to reset the deadline for submission of their opposition to August 10, 2015. [Doc. 26] The motion was granted. [Doc. 27] To date, no memorandum in opposition has been filed, and therefore, the motion is deemed unopposed. [Doc. 25]

On August 3, 2013, the Denmans were paying passengers aboard a commercial airboat in the Henderson Swamp operated [by] Perry Allemond, as an employee or agent of McGee's Landing, Inc., which owned the subject airboat and operated the tour boats as a business. David Allemond is the sole shareholder of McGee's Landing, Inc., and is the general manager. His cousin, Perry Allemond, was employed as a driver of airboats on tours. Perry Allemond was paid in cash, and was contract labor.

It was common practice that the airboat tours, after proceeding through Henderson swamp, would turn beneath Interstate Highway 10, Eastbound, between pilings that are twenty-one feet apart. There is a wide travel way between the east and westbound lanes of IH-10 that is commonly used by boat traffic, but that is not where the tour is operated. Instead, McGee's travels the narrow pathway between large concrete pillars because customers like the tunnel effect of being directly below the interstate and between the pilings. *This was a common and accepted practice of McGee's Landing, Inc.*

The subject allision occurred when Perry Allemond attempted to turn approximately ninety degrees to the right to proceed beneath IH-10 eastbound. In the process of the turn, Mr. Allemond observed debris in his pathway, and attempted to steer back to the left to avoid the debris, but the rudder of the vessel stuck. Because the rudder stuck, Mr. Allemond had no control of the vessel and hit a concrete piling with the left bow, causing Mr. and Mrs. Denman to be ejected from their seats to the front of the boat, contacting metal portions of the all metal boat. The captain, Perry Allemond, was ejected from the boat. As a result of the allision, Mr. Denman suffered knee and back injuries. Mrs. Denman suffered a fractured coccyx, among other injuries.

Prior to the subject allision, Perry Allemond knew the rudder of the vessel would sometimes stick. When that happened, the steering cable would be greased and the problem would resolve. Mr. Allemond attributes the cause of the allision to the inability to steer the boat at the time of the allision.

All repair and maintenance of the boat, with minimal exception, are conducted by employees of McGee's Landing, Inc. McGee's does not maintain inspection, repair, or maintenance logs, and no documents exist to indicate what repairs occurred at any time other than invoices for parts. McGee's does not maintain written policies or procedures pertaining to hiring, training, supervision of employees, nor pertaining to inspection, repair or maintenance of boats.

[Doc. 24-1, pp. 2-3 (emphasis in original)]

**I.      Liability**

Plaintiffs move for "summary judgment on the issue of liability against defendant, McGee's Landing, Inc" [Doc. 24, p.1], relying upon the opinions of their expert witnesses, Todd A. Vinet and Geoff Webster, to show duty and breach. [Id. at pp. 5-7] Plaintiffs additionally assert the allision caused them bodily injuries. [Id. at 3]

"It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 630 (1959); *see also Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980) (a plaintiff in a maritime tort case "is owed a duty of ordinary care"). To prove negligence under general maritime law, "The plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury." *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir.1991). "Whether a defendant owes a plaintiff a legal duty is a question of law." *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir.2000) (internal quotations omitted).

The Court has reviewed the arguments and evidence submitted by plaintiffs in support of summary judgment, and finds the motion to be well-founded in law and fact. The Court additionally notes the motion is unopposed by defendants. In light of the foregoing, the motion is GRANTED to the extent it seeks a judgment finding McGee's to be liable for the injuries sustained by plaintiffs as a result of the allision. Adjudication of damages will be deferred until trial.

## II. Limitation of Liability

Plaintiffs "seek summary judgment on [McGee's] claim for limitation of liability, . . . on the basis of [McGee's] knowledge of negligent operation practices by its airboat operators. . . ." [Doc. 24-1, p. 7] In support, plaintiffs have submitted certain responses of McGee's to plaintiffs' requests for admissions, wherein McGee's admits it was aware that it was customary for its boat captains "to operate airboats on tours between the concrete pillars supporting the East bound Interstate 10 highway. . . ." [Doc. 24-13] Based on the testimony of plaintiffs' expert witnesses, plaintiffs argue McGee's "actions of keeping an airboat with known problems in operation for tours *and* operating the airboat between the concrete pillars of IH-10 were unsafe practices and breaches of applicable duties." [Doc. 24-1, p. 8 (emphasis in original)] Plaintiffs conclude, "Therefore, based on Defendant's admission of knowledge of an unsafe practice of its boat operators and contractors, Defendant is barred from asserting protection under the Limitation of Liability Act." [Id.]

As a general matter, the liability of a vessel owner for a personal injury claim arising out of a collision shall not exceed the value of the vessel and pending freight, if the negligent act causing the injury occurred without the vessel owner's privity or knowledge. 46 U.S.C. § 30505; *In re Nassau Bay Water Sports, Inc.*, 62 F.3d 397, *2 (5th Cir. 1995). "'Once a claimant proves that negligence or unseaworthiness caused an accident, an owner seeking limitation must show it lacked privity or knowledge of the condition.'" *In re Signal Intern., LLC*, 579 F.3d 478, 496 (5th Cir. 2009)(quoting *Gateway Tugs, Inc. v. Am. Commercial Lines, Inc.*, 72 F.3d 479, 481 (5th Cir. 1996)). "'Privity or knowledge,' sometimes described as 'complicity in the fault,' extends beyond actual knowledge to knowledge that the ship owner would have obtained by reasonable investigation." *In re Signal Intern., LLC*, at 496 (quoting *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th

Cir.1993)). "The owner has privity 'if he personally participated in the negligent conduct or brought about the unseaworthy condition.'" *In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008)(quoting *Trico Marine Assets Inc. v. Diamond B Marine Services Inc.*, 332 F.3d 779, 780 (5th Cir. 2003) Additionally, a corporate owner is charged with the knowledge of its managing agents who have authority over the sphere of activities in question. *Petition of Kristie Leigh Enterprises, Inc.*, 72 F.3d 479, 481 (5th Cir. 1996). "If the owner is chargeable with privity or knowledge, he may not limit." *Coleman v. Jahncke Service, Inc.*, 341 F.2d 956, 957, 958 (5th Cir.1965).

> The determination of whether a shipowner is entitled to limitation employs a two-step process. First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. This initial burden of proving negligence or unseaworthiness rests with the injured party. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. The shipowner has the burden of proving a lack of privity or knowledge. Before the burden shifts to the vessel owner to establish its lack of privity, therefore, the injured plaintiff must first establish negligence or unseaworthiness.

*Nassau Bay* at *4 (internal citations omitted); *see also Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir.1976); *Signal* at 499.

Primarily through expert testimony, plaintiffs have shown it was negligent of McGee's boat captain to operate a commercial airboat between two cement pilings spaced 21 feet apart, particularly when the captain was aware the vessel's rudder system was malfunctioning, causing it to stick at times.[2] Plaintiffs have further pointed to evidence showing McGee's (through its sole shareholder and general manager, David Allemond) was aware its captains piloted passengers between the concrete pilings, and was aware there was a problem with the rudder system of the vessel upon

---

[2] According to plaintiff's expert witness, "there is a very wide space that is ideal as a channel for boat traffic," located immediately next to, and parallel to, the path between the concrete pillars chosen by defendants. [Doc. 24-11, p. 2]

which plaintiffs were injured. [Doc. 24-13; Doc. 24-12, pp. 7-9] Following a review of all evidence and argument submitted in support of plaintiffs' motion for partial summary judgment, and noting the motion is unopposed, the Court finds the motion to be well-founded in law and fact. Accordingly, the motion is GRANTED to the extent it seeks a judgment dismissing McGee's claim for limitation of liability.

### III. Conclusion

For the reasons provided herein, plaintiffs' motion for partial summary judgment [Doc. 24] is GRANTED, and: (1) McGee's is adjudged liable for the damages resulting to plaintiffs arising out of McGee's negligence; and (2) McGee's petition for limitation of liability is DISMISSED. Adjudication of damages will be DEFERRED until trial on the merits.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 25th day of August, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE